# Wheeling.

## SAMUEL B. WOODS *vs.* M. FISHER'S ADM'R.

August Term, 1869.

It is competent to grant, under the prayer of general relief in a bill, the appointment of a trustee to aid in the execution of a trust, the original trustee having gone beyond the jurisdiction of the court; and also to settle the accounts of the administrator of the grantor in the trust deed, and to adjust and protect the rights of the complainant and all other creditors, and it is error to dismiss the bill on demurrer.

This cause arose in Fayette county in 1867. The question determined by this court sufficiently appears in the opinion of the judge.

*Lamb & Paull* and *Sperry* for the appellant.

BERKSHIRE, J. This is an appeal from a decree of the circuit court of Fayette county, dismissing the complainant's bill with costs.

The case was heard on a demurrer to the bill, and the only question arising on the record is the propriety of this decree.

The bill alleges that Meredith Fisher, in his life time, was indebted to the complainant in the sum of 163 dollars and 31 cents with interest, and to secure this debt, executed a deed of trust to John B. Jones, as trustee, on certain real estate and personal property which is enumerated in the bill.

That the deed was duly acknowledged before the clerk of the county court for the county for recordation but was never, in fact, actually spread on the record.

That said Fisher had departed this life, leaving a widow and several infant children, and that his estate had been

committed to the sheriff of said county for administration; also, that the trustee had not executed the trust, but had left the county, and that the debt had never been paid. The bill then prays that the sheriff of Fayette county, to whom Fisher's estate had been committed, the widow and heirs of the said Fisher and the trustee be made parties defendants, and that the real estate and personal property included in the deed of trust be sold under a decree of the court and his debt paid out of the proceeds. And there was also a prayer for general relief.

The only allegation contained in the bill as a ground of relief is that the trustee had left the county and had not executed the trust, and that the debt had never been paid.

From this I think it may well be implied that the trustee had gone beyond the jurisdiction of the court, and if so the complainant had a right to come into a court of equity and that under the prayer for general relief it was competent and proper for the court to afford him the necessary aid in the execution of the trust by the appointment of another trustee, and also to settle the accounts of the administrator and to adjust and protect the rights of the complainant and all other creditors and parties interested in the estate.

I think, therefore, the decree must be reversed, with costs to the appellant here, and the cause remanded to the circuit court for further proceedings.

The other judges concurred.

DECREE REVERSED.